UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN AITKEN, | ) Case No. CV 13-6244 R (MRW) |
| Petitioner, | ) |
| vs. | ) ORDER DISMISSING ACTION |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

The Court vacates the reference of this action to the Magistrate Judge and dismisses the action without prejudice.

\* \* \*

This is a habeas action involving a federal prisoner currently housed at FCI Terminal Island. Petitioner filed his action under 28 U.S.C. § 2241 to challenge aspects of the sentence that a federal court in Nevada imposed based on Petitioner's guilty plea to a fraud charge. (Docket # 1.)

In September 2013, the government moved to dismiss the action on jurisdictional and venue grounds. (Docket # 5.) The government asserted that Petitioner's action should have been filed under Section 2255 in the district of his

conviction. The government further contended that Petitioner did not qualify for consideration of his claims in this district because his action did not fall within the limited "escape hatch" of Section 2255. (Docket # 5 at 2-5.)

The Court (Magistrate Judge Wilner) ordered Petitioner to respond to the motion by October 29, 2013. (Docket # 7.) The Court expressly informed Plaintiff that the action would be dismissed under Federal Rule of Civil Procedure 41 if Plaintiff did not respond to the government's motion. Petitioner failed to file any response or opposition to the motion. The Court subsequently issued an order to show cause why the action should not be dismissed or considered to be unopposed under the Local Rules of Court in December 2013. (Docket # 8.) Petitioner again did not respond to the Court's order or the government's motion.[1] To date, Petitioner has failed to file anything with the Court after the submission of the dismissal motion

\* \* \*

Central District of California Local Rule 7-9 requires a party to file a memorandum stating the basis for that party's opposition to a motion. Local Rule 7-12 states that the "failure to file any required document [ ] may be deemed consent to the granting or denial of the motion." Pursuant to these Local Rules, the Court considers the government's dismissal motion to be unopposed based on Petitioner's failure to file any opposition. On that basis, the motion should be granted.

---

[1] The Court independently confirmed via the Bureau of Prison's website that Petitioner is currently housed at the facility listed on the docket. Additionally, the Court notes that it previously denied relief to Petitioner in another habeas action challenging his sentence. Aitken v. United States, CV 13-3631 R (MRW) (C.D. Cal.).

Dismissal is also appropriate under Federal Rule of Civil Procedure 41(b). Rule 41 permits dismissal for failure to prosecute or to comply with a court order. The Court may order dismissal pursuant to Rule 41 sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

In the present action, the Court finds dismissal is appropriate. Petitioner failed to comply with the Court's clear and direct instructions to respond to the government's motion. (Docket # 7, 8.) As a result, the Court concludes that Petitioner does not wish to advance his case here. By contrast, the Court, the government, and the public have a strong interest in terminating this action. Furthermore, because Petitioner is a pro se litigant who failed to respond to the government's motion, the Court's scheduling order (which specifically informed Petitioner of the potential for dismissal of the action under Rule 41), and the Court's order to show cause, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440. The Court finds that dismissal is appropriate under Rule 41(b).

Finally, this dismissal is consistent with the reasoning in Heinemann v. Satterberg, 731 F.3d 914 (9th Cir. 2013). In Heinemann, the Ninth Circuit held that a district court may not grant summary judgment and make findings of fact under a local rule simply because a summary judgment motion was unopposed. However, in the present action, the Court makes no factual findings regarding the

merits of Petitioner's claims; rather, his failure to respond to the motion is sufficient to warrant acceptance of the government's legal analysis of Plaintiff's claims.

Accordingly, this action is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: _January 21, 2014__     _____
                                HON. MANUEL L. REAL
                                UNITED STATES DISTRICT JUDGE